By the Court.
This was an action to construe the will of Susan M. Sturges, which contained twenty paragraphs relating to the disposition of her estate. The principal paragraphs asked to be reviewed are Numbers 13, 17 and 18. Since the court of appeals, on appeal, found that there was no organization in existence which could take as legatee under paragraph No. 13, we therefore concern ourselves with a construction of paragraphs Nos. 17 and 18 of the will, bequeathing the residue of the testatrix’s estate. These paragraphs are as follows:
“17. To the First Congregational Church of Mansfield, Ohio, and the Mayflower Memorial Congregational Church of Mansfield, Ohio, as residuary legatees of my estate I bequeath the remainder of my estate and all my real estate on W. Park Ave., Mansfield, Ohio, the income to be used for religious and Philanthropic work in Mansfield, Ohio, especially among children and young people, promoting among them Christian living the fruit of *280 the spirit as shown in Galatians, Chap. 5, Verse 22, total abstinence from strong drink and tobacco in all forms, rules of health, thrift and economy. I wish these two church pastors with two women and two men from each church (to be elected; yearly by the several churches) to constitute a Board in connection with the pastor and a man and woman (to be elected yearly by each church) from each of the evangelical churches of Mansfield, this Board to elect five or seven from its membership composed of men and women equally to administer the income from this trust. I wish the Salvation Army to have the same representation as the churches, the head of the organization in Mansfield and one man and one woman as member of the Board. I wish only total abstiners from strong drink and tobacco to be on this administration Board or members of the larger or smaller Board in any capacity, I do not wish any of this money appropriated to any church. I wish the property belonging to my estate to be kept in good order.
“(18.) If any of the children, grandchildren, or great-grandchildren to the number of three of my father, Edward Sturges, Sr., should desire I wish they should have good house accommodations in the old homestead or some house standing on my property, fronting on Park Ave., W., if they should in the opinion of the administration Board be objects of charity they shall receive two hundred ($200.00) dollars yearly in these provisions. The nearest of kin to my mother shall have first choice. I earnestly hope this part of my bequest may not be necessary but consider it a wise provision.”
*281 The court of common pleas and the court of appeals held the foregoing paragraphs to be null and void. Error is prosecuted to this court.
A careful scrutiny of paragraph No. 17 will reveal that the trust imposed upon the residuum of the estate is so vaguely defined, the method of creating the administrative board or agency so uncertain and indefinite, and the method of execution of the charities named so ambiguous, that the court is compelled to hold that dispositive paragraph void for uncertainty. It follows that paragraph No. 18 is also void, as this paragraph but accentuates the uncertainty of the preceding one, by attaching thereto a private charity which may conflict with the public charities sought to be created in paragraph No. 17, In paragraph No. 17 the testatrix has devoted the income from the residuum of her estate, but in the subsequent paragraph, No. 18, she has charged the same property and income for the benefit of certain relatives who may, in the opinion of the board, become objects of her charity.
The judgment of the court of appeals is affirmed.

Judgment affirmed.

Hough, Robinson, Jones and Matthias, JJ., concur.